| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____  Chapter  11 |
| ☐ Check if this an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Highrise Electrical Tecnologies, Inc.

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  
   76-0385723

4. **Debtor's address**

   **Principal place of business**  
   10702 Fallstone Rd  
   Houston, TX 77099  
   Number, Street, City, State & ZIP Code

   Harris  
   County

   **Mailing address, if different from principal place of business**  
   _____  
   P.O. Box, Number, Street, City, State & ZIP Code

   **Location of principal assets, if different from principal place of business**  
   _____  
   Number, Street, City, State & ZIP Code

5. **Debtor's website** (URL)  
   https://het.highriseelectric.com/

6. **Type of debtor**  
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
   ☐ Partnership (excluding LLP)  
   ☐ Other. Specify: _____

| Debtor | Highrise Electrical Tecnologies, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
_____2382_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

　　■ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

　　☒ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

　　☐ A plan is being filed with this petition.

　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

Debtor  **Highrise Electrical Tecnologies, Inc.**        Case number (*if known*) _____
            Name

| | |
|---|---|
| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ■ No<br>☐ Yes. |

List all cases. If more than 1, attach a separate list

Debtor _____   Relationship _____
District _____ When _____ Case number, if known _____

**11. Why is the case filed in *this district*?**  Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**   Check one:

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Official Form 201         Voluntary Petition for Non-Individuals Filing for Bankruptcy         page 3

Debtor   **Highrise Electrical Tecnologies, Inc.**　　　　　　　　　　　　　　　　Case number (*if known*)　_____
　　　　　Name

|  | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
|  | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
|  | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   **Highrise Electrical Tecnologies, Inc.**   Case number (*if known*) _____
             Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **March 27, 2025**
                         MM / DD / YYYY

X  *Ron Eitze*
   Ron Eitze (Mar 27, 2025 07:01 CDT)
   Signature of authorized representative of debtor

**Ron Eitze**
Printed name

Title   **President**

**18. Signature of attorney**

X   Annie Catmull
    Signature of attorney for debtor

Date   **March 27, 2025**
              MM / DD / YYYY

**Annie Catmull O'ConnorWechsler PLLC**
Printed name

**O'ConnorWechsler PLLC**
Firm name

**4400 Post Oak Parkway**
**Ste. 2360**
**Houston, TX 77027**
Number, Street, City, State & ZIP Code

Contact phone   **281.814.5977**   Email address   **aecatmull@o-w-law.com**

**00794932 TX**
Bar number and State

INDEPENDENT ACCOUNTANTS' COMPILATION REPORT

To Management
Highrise Electrical Technologies, Inc.
Houston, TX

Management is responsible for the accompanying financial statements of Highrise Electrical Technologies, Inc. (an S Corporation), which comprise the balance sheets as of November 30, 2024 and November 30 2023, and the related statements of income for the one month and the eleven months ended November 30, 2024 and November 30, 2023, in accordance with accounting principles generally accepted in the United States of America. We have performed a compilation engagement in accordance with Statements on Standards for Accounting and Review Services promulgated by the Accounting and Review Services Committee of the AICPA. We did not audit or review the financial statements, nor were we required to perform any procedures to verify the accuracy or completeness of the information provided by management. We do not express an opinion, a conclusion, nor provide any assurance on these financial statements.

Accounting principles generally accepted in the United States of America require that fixed assets be depreciated over their estimated useful lives, The Company has computed depreciation in accordance with the Modified Accelerated Cost Recovery System required for federal income tax purposes, which does not allocate depreciation to expense over the estimated useful lives of the assets. Generally accepted accounting principles also require that Texas Business Margin Taxes, both current and deferred, be accrued. The Company has not accrued Texas Business Margin Taxes in the accompanying financial statements. The company records the Texas Business Margin Tax as an expense in the year that it is paid. Management has not determined the effect of these departures from the accounting principles generally accepted in the United States of America on the financial statements.

Management has elected to omit substantially all of the disclosures, statements of retained earnings, and statements of cash flows required by accounting principles accepted in the United States of America. If the omitted disclosures and statements were included in the financial statements, they might influence the user's conclusions about the Company's financial position, results of operations, and cash flows. Accordingly, the financial statements are not designed for those who are not informed about such matters.

*Mosher Seifert + Co PC.*

Mosher Seifert + Co PC
Certified Public Accountants
Houston, Texas

February 25, 2025

Highrise Electrical Technologies, Inc.
BALANCE SHEETS
As of the Dates Shown Below
See Accountants' Compilation Report

|  | November 30, 2023 | November 30, 2024 |
|---|---:|---:|
| **ASSETS** | | |
| **CURRENT ASSETS** | | |
| Cash - General Operating Fund | $ 8,382.28 | $ 24,856.06 |
| Cash - Tax Account | 67,915.51 | 283,693.15 |
| A/R - Trade | 2,934,825.03 | 1,444,385.13 |
| A/R - Retainage | 606,181.00 | 336,885.00 |
| A/R - Employees | 730.00 | 5,750.00 |
| Prepaid Insurance | 16,824.89 | 22,817.34 |
| TOTAL CURRENT ASSETS | 3,634,858.71 | 2,118,386.68 |
| **PROPERTY AND EQUIPMENT** | | |
| Vehicles | 61,578.77 | 53,971.58 |
| Office Furniture and Equipment | 195,075.02 | 207,297.15 |
| Accumulated Depreciation | (249,689.62) | (252,085.11) |
|  | 6,964.17 | 9,183.62 |
| TOTAL ASSETS | $ 3,641,822.88 | $ 2,127,570.30 |
| **LIABILITIES AND SHAREHOLDER'S EQUITY** | | |
| **CURRENT LIABILITIES** | | |
| A/P - Trade | $ 1,421,588.50 | $ 892,341.84 |
| A/P - Shareholder | 1,500,000.00 | 2,300,000.00 |
| A/P - American Express | 445,734.48 | 126,891.37 |
| Mastercard Payable | 158,714.56 | 80,599.25 |
| Chase Card Payable | 29,013.77 | 0.00 |
| N/P - Frost Bank | 200,000.00 | 0.00 |
| N/P - Elizabeth Blount (Current) | 202,267.35 | 207,893.83 |
| Payroll Taxes Payable | 6,800.28 | 7,748.40 |
| Salaries Payable | 20,060.83 | 23,364.02 |
| 401K Payable | 336.42 | 621.76 |
| Sales Tax Payable | 271,678.11 | 264,239.84 |
| Child Support Payable | 241.29 | 492.50 |
| Workers Comp Ins Payable | 0.00 | 2,928.66 |
| General Liab Ins Payable | 0.00 | 6,528.02 |
| TOTAL CURRENT LIABILITIES | 4,256,435.59 | 3,913,649.49 |
| **LONG-TERM LIABILITIES** | | |
| N/P - Elizabeth Blount, Net | 872,421.95 | 681,615.93 |
| **STOCKHOLDERS' EQUITY** | | |
| Common Stock | 1,000.00 | 1,000.00 |
| Treasury Stock | (2,000,000.00) | (2,000,000.00) |
| Retained Earnings | 728,423.78 | 546,174.87 |
| Net Income (Loss) Year-To-Date | (216,458.44) | (1,014,869.99) |
|  | (1,487,034.66) | (2,467,695.12) |
| TOTAL LIABILITIES AND SHAREHOLDER'S EQUITY | $ 3,641,822.88 | $ 2,127,570.30 |

Highrise Electrical Technologies, Inc.
Statements of Income
For the Periods Shown Below
See Accountants' Compilation Report

| | 1 Month Ended November 30, 2023 | % | 11 Months Ended November 30, 2023 | % | 1 Month Ended November 30, 2024 | % | 11 Months Ended November 30, 2024 | % |
|---|---:|---:|---:|---:|---:|---:|---:|---:|
| **INCOME** | | | | | | | | |
| Wholesale Sales | $ 1,158,406.85 | 100.00 % | $ 10,118,020.28 | 100.00 % | $ 445,953.61 | 100.00 % | $ 7,516,986.99 | 100.00 % |
| TOTAL INCOME | 1,158,406.85 | 100.00 | 10,118,020.28 | 100.00 | 445,953.61 | 100.00 | 7,516,986.99 | 100.00 |
| **COST OF SALES** | | | | | | | | |
| Salaried Wages | 31,392.33 | 2.71 | 285,452.17 | 2.82 | 31,742.29 | 7.12 | 325,691.18 | 4.33 |
| Job Cost - Wages | 203,712.68 | 17.59 | 2,268,215.33 | 22.42 | 193,263.24 | 43.34 | 2,270,346.85 | 30.20 |
| Job Cost - Overtime Wages | 31,035.38 | 2.68 | 223,547.35 | 2.21 | 7,148.18 | 1.60 | 150,612.01 | 2.00 |
| Job Cost - Parking Wages | 2,040.60 | 0.18 | 23,514.20 | 0.23 | 1,446.80 | 0.32 | 10,437.20 | 0.14 |
| Job Cost - Auto Allowance Wages | 507.72 | 0.04 | 5,515.65 | 0.05 | 0.00 | 0.00 | 4,661.76 | 0.06 |
| Job Cost - Materials | 449,618.40 | 38.81 | 5,094,842.67 | 50.35 | 169,780.17 | 38.07 | 3,563,114.94 | 47.40 |
| Job Cost - Subcontractors | 127,416.08 | 11.00 | 684,726.98 | 6.77 | 632.00 | 0.14 | 326,942.30 | 4.35 |
| TOTAL COST OF SALES | 845,723.19 | 73.01 | 8,585,814.35 | 84.86 | 404,012.68 | 90.60 | 6,651,806.24 | 88.49 |
| GROSS PROFIT | 312,683.66 | 26.99 | 1,532,205.93 | 15.14 | 41,940.93 | 9.40 | 865,180.75 | 11.51 |
| **OPERATING EXPENSES** | | | | | | | | |
| Office Wages | 9,838.40 | 0.85 | 106,464.90 | 1.05 | 7,380.00 | 1.65 | 109,770.00 | 1.46 |
| Uniforms | 0.00 | 0.00 | 11,262.84 | 0.11 | 0.00 | 0.00 | 4,479.28 | 0.06 |
| Advertising | 0.00 | 0.00 | 298.95 | 0.00 | 0.00 | 0.00 | 389.70 | 0.01 |
| Truck Lease | 5,628.22 | 0.49 | 61,536.98 | 0.61 | 2,397.26 | 0.54 | 52,799.98 | 0.70 |
| Repairs and Maintenance | 1,504.42 | 0.13 | 62,761.37 | 0.62 | 16,488.13 | 3.70 | 153,402.86 | 2.04 |
| Gasoline | 12,088.56 | 1.04 | 106,803.46 | 1.06 | 10,211.89 | 2.29 | 112,112.96 | 1.49 |
| Miscellaneous Auto Expense | 1,028.42 | 0.09 | 10,373.01 | 0.10 | 1,266.57 | 0.28 | 16,214.13 | 0.22 |
| Bank Charges | 50.00 | 0.00 | 1,721.00 | 0.02 | 6.00 | 0.00 | 923.44 | 0.01 |
| Employee Relations | 0.00 | 0.00 | 4,000.00 | 0.04 | 0.00 | 0.00 | 0.00 | 0.00 |
| Depreciation | 348.17 | 0.03 | 3,481.70 | 0.03 | 987.57 | 0.22 | 9,306.03 | 0.12 |
| Dues and Subscriptions | 0.00 | 0.00 | 12,156.00 | 0.12 | 0.00 | 0.00 | 8,202.32 | 0.11 |
| Entertainment | 0.00 | 0.00 | 5,596.64 | 0.06 | 250.00 | 0.06 | 11,277.46 | 0.15 |
| Dining Expense | 0.00 | 0.00 | 2,165.27 | 0.02 | 176.20 | 0.04 | 788.69 | 0.01 |
| Licenses and Fees | 4,430.00 | 0.38 | 52,899.54 | 0.52 | 1,246.82 | 0.28 | 44,410.75 | 0.59 |
| Insurance - Group Medical | 30,688.72 | 2.65 | 314,149.16 | 3.10 | 33,538.40 | 7.52 | 289,200.08 | 3.85 |
| Office Expenses | 1,122.72 | 0.10 | 5,788.44 | 0.06 | 6,937.27 | 1.56 | 19,558.80 | 0.26 |
| Office Rent | 2,994.58 | 0.26 | 32,940.38 | 0.33 | 2,000.00 | 0.45 | 24,619.06 | 0.33 |
| Office Supplies and Expense | 3,838.72 | 0.33 | 46,846.81 | 0.46 | 2,165.98 | 0.49 | 56,092.93 | 0.75 |
| Office Repairs and Maintenance | 6,187.18 | 0.53 | 31,208.63 | 0.31 | 774.70 | 0.17 | 25,477.40 | 0.34 |
| Plans Estimating | 1,050.66 | 0.09 | 15,109.32 | 0.15 | 879.96 | 0.20 | 8,060.94 | 0.11 |
| Postage | 162.13 | 0.01 | 1,503.84 | 0.01 | 212.68 | 0.05 | 1,335.34 | 0.02 |
| Parking and Tolls | 86.00 | 0.01 | 23,052.25 | 0.23 | 2,330.00 | 0.52 | 28,224.03 | 0.38 |
| Payroll Service Fees | 1,928.79 | 0.17 | 22,554.95 | 0.22 | 2,393.66 | 0.54 | 23,484.16 | 0.31 |

Highrise Electrical Technologies, Inc.
Statements of Income
For the Periods Shown Below
See Accountants' Compilation Report

| | 1 Month Ended November 30, 2023 | % | 11 Months Ended November 30, 2023 | % | 1 Month Ended November 30, 2024 | % | 11 Months Ended November 30, 2024 | % |
|---|---:|---:|---:|---:|---:|---:|---:|---:|
| Legal Fees | 0.00 | 0.00 | 2,948.64 | 0.03 | 2,500.00 | 0.56 | 4,642.32 | 0.06 |
| Seminars and Training | 0.00 | 0.00 | 1,716.52 | 0.02 | 0.00 | 0.00 | 4,420.38 | 0.06 |
| Taxes - Payroll | 22,048.01 | 1.90 | 231,960.35 | 2.29 | 18,755.33 | 4.21 | 227,902.66 | 3.03 |
| Taxes - FUTA | 8.18 | 0.00 | 2,628.84 | 0.03 | 0.00 | 0.00 | 2,322.15 | 0.03 |
| Taxes - SUI | 164.73 | 0.01 | 17,693.31 | 0.17 | 3.30 | 0.00 | 13,808.02 | 0.18 |
| Insurance - Worker's Comp | 4,628.00 | 0.40 | 5,487.12 | 0.05 | 1,461.33 | 0.33 | 18,470.27 | 0.25 |
| Insurance - General Liability and Auto | 10,642.05 | 0.92 | 114,388.90 | 1.13 | 13,506.80 | 3.03 | 144,451.78 | 1.92 |
| Insurance - Crime & Cyberspace | 376.61 | 0.03 | 4,138.61 | 0.04 | 373.44 | 0.08 | 4,110.62 | 0.05 |
| Taxes - Property | 0.00 | 0.00 | 9,669.26 | 0.10 | 0.00 | 0.00 | 4,642.84 | 0.06 |
| Travel | 646.45 | 0.06 | 4,872.62 | 0.05 | 280.93 | 0.06 | 2,822.79 | 0.04 |
| 401K Administration Fee | 215.00 | 0.02 | 2,608.00 | 0.03 | 337.00 | 0.08 | 3,713.00 | 0.05 |
| Utilities | 788.27 | 0.07 | 9,957.30 | 0.10 | 750.24 | 0.17 | 8,902.73 | 0.12 |
| Telephone and Communications | 2,554.38 | 0.22 | 33,250.49 | 0.33 | 1,157.18 | 0.26 | 31,159.96 | 0.41 |
| Internet Service | 1,294.52 | 0.11 | 12,727.87 | 0.13 | 680.45 | 0.15 | 12,439.40 | 0.17 |
| Charitable Contributions | 0.00 | 0.00 | 3,300.00 | 0.03 | 0.00 | 0.00 | 9,546.00 | 0.13 |
| Professional Fees | 2,200.00 | 0.19 | 29,133.84 | 0.29 | 1,100.00 | 0.25 | 19,985.00 | 0.27 |
| Miscellaneous Expense | 26.76 | 0.00 | 40.04 | 0.00 | 12.54 | 0.00 | 3,058.46 | 0.04 |
| Interest Expense | 22,171.18 | 1.91 | 129,455.15 | 1.28 | 16,667.00 | 3.74 | 181,469.26 | 2.41 |
| Medical Expense | 434.94 | 0.04 | 13,433.87 | 0.13 | 591.55 | 0.13 | 8,700.70 | 0.12 |
| Medical Reimbursement Expense | 832.94 | 0.07 | 17,002.80 | 0.17 | 834.72 | 0.19 | 18,680.14 | 0.25 |
| Petty Cash Expense | 0.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTAL OPERATING EXPENSES | 152,007.71 | 13.12 | 1,581,488.97 | 15.63 | 150,654.90 | 33.78 | 1,725,378.82 | 22.95 |
| INCOME (LOSS) BEFORE OTHER INCOME and EXPENSES | 160,675.95 | 13.87 | (49,283.04) | (0.49) | (108,713.97) | (24.38) | (860,198.07) | (11.44) |
| OTHER INCOME | | | | | | | | |
| Interest Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11.03 | 0.00 |
| Miscellaneous Income | 9.24 | 0.00 | 1,120.96 | 0.01 | 40.06 | 0.01 | 227.29 | 0.00 |
| Gain/Loss on Asset Sale or Disposal | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,000.00 | 0.04 |
| TOTAL OTHER INCOME and EXPENSES | 9.24 | | 1,120.96 | | 40.06 | 0.01 | 3,238.32 | 0.04 |
| INCOME (LOSS) BEFORE OFFICERS' SALARIES and INSURANCE | 160,685.19 | 13.87 | (48,162.08) | (0.48) | (108,673.91) | (24.37) | (856,959.75) | (11.44) |
| Insurance - Shareholders' Medical | 1,805.25 | 0.16 | 17,915.99 | 0.18 | 1,805.23 | 0.40 | 16,354.31 | 0.22 |
| Salaries - Officers' | 14,005.05 | 1.21 | 150,380.37 | 1.49 | 11,204.04 | 2.51 | 141,555.93 | 1.88 |
| | 15,810.30 | 1.36 | 168,296.36 | 1.66 | 13,009.27 | 2.92 | 157,910.24 | 2.10 |
| NET INCOME (LOSS) | $ 144,874.89 | 12.51 | $ (216,458.44) | (2.14) | $ (121,683.18) | (27.29) | $ (1,014,869.99) | (13.50) |

Highrise Electrical Technologies, Inc.
Statements of Income
For the Periods Shown Below
See Accountants' Compilation Report

| | 1 Month Ended November 30, 2023 | % | 11 Months Ended November 30, 2023 | % | 1 Month Ended November 30, 2024 | % | 11 Months Ended November 30, 2024 | % |
|---|---|---|---|---|---|---|---|---|

WRITTEN CONSENT OF
THE SOLE SHAREHOLDER AND OF THE BOARD OF DIRECTORS
FOR HIGHRISE ELECTRICAL TECHNOLOGIES, INC.

The undersigned ("Eitze"), being both the sole shareholder of Highrise Electrical Technologies, Inc. (the "Company"), and the sole director on the board of the Company, a corporation organized pursuant to the statutes of the State of Texas, and pursuant to (i) the provisions of the Texas statutes, (ii) the Shareholder Agreement, and (iii) the Bylaws of the Company, hereby consent to the adoption of the following resolutions and to the action authorized in such resolutions being taken by Eitze in lieu of a meeting thereof:

**RESOLVED**, that the Company should seek file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with an appropriate federal bankruptcy court sitting in Harris County, Texas;

**RESOLVED**, that Eitze is hereby authorized and directed to prepare or cause to be prepared the voluntary petition and to cause the initiation and prosecution of a Chapter 11 case under the Bankruptcy Code (the "Bankruptcy Case"), and to prepare or cause to be prepared all other documents, pleadings and other instruments necessary and take any necessary action to prosecute the Bankruptcy Case;

**RESOLVED**, that the Company is authorized and directed to employ and retain the firm of O'ConnorWechsler PLLC, Attorneys at Law, to represent the Company in its case under the Bankruptcy Code upon such retainer and compensation agreement as may seem in the sole discretion of Eitze to be appropriate; and

**RESOLVED FURTHER**, that any and all actions taken by Eitze for the Company, for and on behalf and in the name of this Company, prior to the adoption of the foregoing resolutions, in connection with any of the foregoing matters, be and they are hereby, ratified, confirmed and approved in all respects for all purposes.

The undersigned, being the sole shareholder and sole board member of the Company hereby consents to the foregoing effective the _____ day of March, 2025.

Highrise Electrical Technologies, Inc.

*Ron Eitze*
Ron Eitze (Mar 18, 2025 14:40 CDT)
_____
Ron Eitze, President, Sole Shareholder,
And Sole Director